Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Index # 11 CV 2150 (RJH)
-------------------------------------------------------------------------x
JOHN PACCIONE and MADELINE PACCIONE

                            Plaintiffs

        Against

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS,
BERNARD B. KERIK, GARY M. LANIGAN,
WILLIAM J. FRASER,MARTIN F. HORN,
JOHN J. ANTONELLI, and
DORA B. SCHRIRO, CITY OF NEW YORK
DEPARTMENT OF HEALTH AND MENTAL HYGIENE

                        Defendants
-------------------------------------------------------------------------x

**AMENDED VERIFIED COMPLAINT**

Plaintiffs, complaining of the Defendants through their attorneys,

BURNS & HARRIS, ESQS., alleges upon information and belief:

## JURISDICTION

1.    The occurrences which are the subject of this action took place

in the County of Bronx.

## THE PARTIES

2.    Defendant CITY OF NEW YORK is a municipal corporation

existing under and by virtue of the laws of the State of New York.

3.    Defendant CITY OF NEW YORK is a duly constituted municipal

corporation organized and existing under the laws of the State of New York.

At all times relevant hereto, the defendant CITY OF NEW YORK, action

through the NYC Department of Corrections ("DOC") was responsible for the

policy, practice, supervision, implementation and conduct of all DOC matters

and was responsible for the appointment, training, supervision, and conduct of all DOC personnel.  In addition, at all relevant times, defendant CITY OF NEW YORK was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obeyed the Constitution and laws of the United States and of the State of New York.

4.      Defendant BERNARD KERIK was the Commissioner of the NYC Department of Corrections and as such, was a policy maker with respect to the CITY OF NEW YORK Agency under his control, including the NYC DEPARTMENT   OF   CORRECTIONS.   The   DEPARTMENT   OF CORRECTIONS principal place of business is 60 Hudson Street, County of New York, City and State of New York.  Commissioner BERNARD KERIK is sued in his individual and official capacity.

5.      Defendant GARY M. LANIGAN was the Commissioner of the NYC Department of Corrections and as such, was a policy maker with respect to the CITY OF NEW YORK Agency under his control, including the NYC DEPARTMENT   OF   CORRECTIONS.   The   DEPARTMENT   OF CORRECTIONS principal place of business is 60 Hudson Street, County of New York, City and State of New York.  Commissioner GARY M. LANIGAN is sued in his individual and official capacity.

6.      Defendant WILLIAM J. FRASER was the Commissioner of the NYC Department of Corrections and as such, was a policy maker with respect to the CITY OF NEW YORK Agency under his control, including the NYC DEPARTMENT   OF   CORRECTIONS.   The   DEPARTMENT   OF

CORRECTIONS principal place of business is 60 Hudson Street, County of New York, City and State of New York.  Commissioner WILLIAM J. FRASER is sued in his individual and official capacity.

7.      Defendant MARTIN F. HORN was the Commissioner of the NYC Department of Corrections and as such, was a policy maker with respect to the CITY OF NEW YORK Agency under his control, including the NYC DEPARTMENT   OF   CORRECTIONS.   The   DEPARTMENT   OF CORRECTIONS principal place of business is 60 Hudson Street, County of New York, City and State of New York.  Commissioner MARTIN F. HORN is sued in his individual and official capacity.

8.      Defendant JOHN J. ANTONELLI was the Commissioner of the NYC Department of Corrections and as such, was a policy maker with respect to the CITY OF NEW YORK Agency under his control, including the NYC DEPARTMENT   OF   CORRECTIONS.   The   DEPARTMENT   OF CORRECTIONS principal place of business is 60 Hudson Street, County of New York, City and State of New York.  Commissioner JOHN J. ANTONELLI is sued in his individual and official capacity.

9.      Defendant DORA B. SCHRIRO was the Commissioner of the NYC Department of Corrections and as such, was a policy maker with respect to the CITY OF NEW YORK Agency under her control, including the NYC DEPARTMENT   OF   CORRECTIONS.   The   DEPARTMENT   OF CORRECTIONS principal place of business is 60 Hudson Street, County of

New York, City and State of New York.  Commissioner DORA B. SCHRIRO is sued in her individual and official capacity.

10.     Defendant   NEW   YORK   CITY   DEPARTMENT   OF CORRECTIONS is an agency of THE CITY OF NEW YORK, responsible for overseeing, organizing, administering and running the City's detention facilities, including RIKERS ISLAND, in which among other people, Corrections Officers are employed.  At all times relevant hereto, defendant DOC, together with THE CITY OF NEW YORK, was responsible for the policy, practice, supervision, implementation and conduct of all DOC matters and was responsible for the appointment, training, supervision and conduct of all DOC personnel. In addition, at all relevant times, defendant DOC, together with THE CITY OF NEW YORK, was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obeyed the Constitution and laws of the United States and of the State of New York.

11.     At all times relevant hereto, Defendant **CITY OF NEW YORK** operated, maintained, managed, supervised and controlled RIKERS ISLAND LANDFILL and RIKERS ISLAND CORRECTIONAL FACILITY as part of and in conjunction with its municipal functions.

12.     That plaintiff claims applicability of CPLR §214-(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

13.     That at all times mentioned herein, and from on or about 1990 until present plaintiff JOHN PACCIONE worked as a Plumber at Rikers Island

4

Correctional Facility, located at 10-10 Hazen Street, County of Bronx, City and State of New York.

14.     That from on or about 1990 to present, plaintiff JOHN PACCIONE was exposed to carcinogens and/or toxins at and upon said premises.

15.     That the plaintiff JOHN PACCIONE was not diagnosed with brain cancer until on or about January 7, 2010.

16.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** was the owner of premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

17.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** operated premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

18.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** maintained premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

19.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** managed premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

20.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** controlled premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

21.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** supervised premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

22.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** renovated premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

23.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** repaired premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

24.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** inspected premises known as RIKERS ISLAND CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

25.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** hired contractors at premises known as RIKERS ISLAND

CORRECTIONAL FACILITY, located at  10-10 Hazen Street, County of Bronx, City and State of New York.

26.     RIKERS ISLAND CORRECTIONAL FACILITY opened in 1932 as a prison on Rikers Island.

27.     At the time of the opening of the Prison in 1932, Rikers Island was approximately 90 acres in size.

28.     After the opening of the prison, the City of New York increased the size of Rikers Island to approximately 415 acres.

29.     The land of Rikers Island was expanded from 90 acres to 415 acres through the creation of a landfill.

30.     The landfill was comprised of garbage from New York City.

31.     The landfill was comprised of various toxins and carcinogens.

32.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to operate, maintain, manage, control, repair, renovate supervise and inspect the said premises herein.

33.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to operate, maintain, manage, control, repair, renovate, supervise and inspect the said premises in a reasonably safe and suitable condition and repair.

34.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to take the necessary precautions and remedies to render the said premises habitable and safe for occupancy.

35.    That at all times mentioned herein, the defendant CITY OF NEW YORK had a duty to warn persons of the hazardous and dangerous conditions existing at said premises.

36.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to comply with the New York City Health Code and other applicable sections, regulations and statutes under New York State, local and federal law.

37.    That at all times mentioned herein, toxins and/or carcinogens were present upon said premises.

38.    That at all times mentioned herein, toxins and/or carcinogens were present upon said premises and were known or should have been known to be present upon said premises.

39.    That at all times mentioned herein, said carcinogens and/or toxins were caused, permitted and allowed to be and remain upon said premises.

40.    That at various and diverse times from  on or about 1990 to present and for a period of time prior and subsequent thereto, there existed a dangerous, defective and unsafe condition, including the presence of carcinogens and/or toxins, upon said the premises.

41.    That at various and diverse times from 1990 to present and for a period of time prior and subsequent thereto, the defendants maintained a dangerous, defective and unsafe condition, including the presence of carcinogens and/or toxins upon said premises.

42.    That at various and diverse times from 1990 to present and for a period of time prior and subsequent thereto the defendants, their agents, servants and/or employees created a dangerous, hazardous and unsafe condition, including the presence of carcinogens and/or toxins upon said premises.

43.    It was the duty of the defendants to maintain the premises in a reasonably safe and proper condition and free of dangerous, hazardous, and unsafe conditions, including the presence of carcinogens and/or toxins upon said premises.

44.    It was the duty of the defendants to maintain the premises in a reasonably safe condition for use by members of the general public.

45.    That at all times mentioned herein, such culpable conduct was a proximate cause of the plaintiff's serious injuries.

46.    That the plaintiff **JOHN PACCIONE,** was diagnosed with brain cancer on or about January 7, 2010.

47.    That at all times relevant hereto, it was the duty of the defendants their servants, agents, and/or employees to conduct and supervise the maintenance, renovation, inspection, and repair operations at said premises in a lawful fashion to prevent the presence of carcinogens and/or toxins at said premises.

48.    That carcinogens and/or toxins were present at said premises, from the time the plaintiff **JOHN PACCIONE** was employed there, which was approximately from 1990 to present.

49.    That at all times mentioned herein, the defendant, its agents, servants and/or employees breached their duty to operate, maintain, manage, supervise and control the aforesaid premises in a reasonable and safe condition.

50.    That at all times mentioned herein, the defendant, its agents, servants and/or employees breached their duty to take the necessary precautions and remedies to render the said premises habitable and safe for occupancy.

51.    That at all times mentioned herein, the defendant, its agents, servants and/or employees failed to warn persons of the hazardous and dangerous conditions existing at said premises.

52.    Upon information and belief, during plaintiff's time as an employee at Riker's Island he was told by his supervisors that there were not any toxic, hazardous or cancer causing toxins located on Riker's Island.

53.    Upon information and belief, during plaintiff's time as an employee at Riker's Island he was provided internal memorandum indicating that it was safe to work at Riker's Island.

54.    Upon information and belief, during plaintiff's time as an employee at Riker's Island he was provided internal memorandum indicating that there were no carcinogens present on Rikers Island.

55.    Upon information and belief, during plaintiff's time as an employee at Rikers Island, Defendants were aware that cancer causing toxins were present at Rikers Island.

56.    Upon information and belief, during plaintiff's time as an employee at Rikers Island, Defendants performed testing of the soil, air and water.

57.    Upon information and belief, during plaintiff's time as an employee at Riker's Island, Defendants performed testing of the soil, air and water that indicated that cancer causing toxins were present on Rikers Island.

58.    At the present time, plaintiff is aware of approximately 80 retired and current employees of Riker's Island have been diagnosed with cancer.

59.    That at all times mentioned herein, the defendant, its agents, servants and/or employees breached their duty to comply with the New York City Health Code and other applicable sections, regulations and statutes under New York State, local and federal law.

60.    That at all times mentioned herein, the defendant, its agents, servants and/or employees breached their duty to conduct and supervise the maintenance, renovation, inspection and repair operations at said premises in a lawful fashion to prevent the presence of carcinogens and/or toxins at said premises.

61.    That the negligence of the defendants **CITY OF NEW YORK,** its agents, servants and/or employees consisted of the following:    in the negligent, careless and reckless ownership, operation, management, maintenance and control of the aforesaid premises in that they knowingly, and for a long and unreasonable length of time, caused and allowed the aforesaid premises to be maintained in unsafe, improper and unsuitable

condition so as to cause carcinogens and/or toxins and harmful substances to be, become and remain at said premises; in failing to provide  plaintiff herein with a safe area in which to work; in failing to give warning to the plaintiff of the unlawful, dangerous, hazardous, unsafe and poisonous condition thereat; in hiring inept, incompetent, inadequate, unskilled and insufficient contractors; in permitting, causing and/or allowing a dangerous and hazardous condition to be, remain and exist upon the premises; in  causing, allowing and permitting the premises to be, become and remain uninhabitable and unsafe; in causing, allowing and permitting said carcinogens and/or toxins to be and remain upon said premises when it was known or should have been known that they could cause harm to those persons on said premises; in failing to inspect, timely inspect and/or properly inspect the aforesaid premises; in failing to repair, timely repair and/or properly repair and maintain the aforesaid premises although the defendants had notice or should have had notice of the unsafe conditions complained of herein; in negligently and carelessly repairing and maintaining the premises in such a manner and under such control so as to cause the occurrence complained of herein; in violating statutory obligations; in violating the Health Code and other applicable sections, regulations and statutes under New York State, local and federal law; in providing improper, incompetent and insufficient supervision; in knowingly permitting said carcinogens and/or toxins to remain for an unreasonable period of time; in failing to take the proper and necessary steps

to prevent the happening of the occurrences as herein set forth; and in otherwise being negligent an careless in the premises.

62.    That as a result of the foregoing, the plaintiff **JOHN PACCIONE** was caused to sustain severe and permanent personal injuries to become sick, sore, lame and disabled, sustained injuries to various portions of his body and mind, and to suffer great pain and anguish in his body and mind.

63.    That this action falls within one or more of the exceptions set forth in CPLR Article 16.

64.    That by reason of the foregoing, plaintiff **JOHN PACCIONE**, has sustained damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

**SECOND CAUSE OF ACTION:**
**(POLICY OF NON-FEASANCE IN THE**
**PROTECTION OF PLAINTIFF'S CIVIL RIGHTS)**

65.    Plaintiff, **JOHN PACCIONE,** repeats and realleges each and every allegation contained herein, as though the same were set forth at length

66.    This is a Civil Rights action brought pursuant to the United States Constitution, as amended, and the Civil Rights Act of 1871, 42 U.S.C §1983 and the New York State Constitution and seeks redress for defendants' deprivation, under color of State law, of plaintiff's rights, privileges, and immunities secured by the Constitution and laws of the United States and by the new York State Constitution.

13

67.     That at all times mentioned herein, and from on or about 1990 to present plaintiff JOHN PACCIONE worked as a Plumber at Rikers Island Correctional Facility, located at 10-10 Hazen Street, County of Bronx, City and State of New York.

68.     That from on or about 1990 to present, plaintiff JOHN PACCIONE was exposed to carcinogens and/or toxins at and upon said premises.

69.     That the plaintiff JOHN PACCIONE was not diagnosed with brain cancer until on or about January 7, 2010.

70.     At all times mentioned herein, defendants have instituted and are continuing to enforce a policy, practice and custom to cause, permit, allow and require persons legally upon said premises to be exposed to toxic, cancerous substances which are present at Rikers Island, 10-10 Hazen Street, Bronx, NY.

71.     Defendants had a policy, practice and custom of causing, permitting, allowing and requiring plaintiff to be exposed to toxic, carcinogenic substances while legally upon said premises.

72.     That the deprivation of plaintiff's constitutional rights was the result of the CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS AND COMMISSIONERS OF THE NYC DEPARTMENT OF CORRECTIONS NAMED HEREIN AND THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE'S custom and/or policy of concealing the known existence of cancer causing toxins present at Riker's Island.

73.     That the deprivation of plaintiff's constitutional rights was the result of the CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS AND COMMISSIONERS OF THE NYC DEPARTMENT OF CORRECTIONS NAMED HEREIN AND THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE'S custom and/or policy of misrepresenting to plaintiff that Riker's Island was a safe and secure work environment.

74.     That the deprivation of plaintiff's constitutional rights was the result of the CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS AND COMMISSIONERS OF THE NYC DEPARTMENT OF CORRECTIONS NAMED HEREIN AND THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE'S custom and/or policy of depriving life, liberty and the pursuit of happiness to those present on Riker's Island.

75.     That the deprivation of plaintiff's constitutional rights was the result of the CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS AND COMMISSIONERS OF THE NYC DEPARTMENT OF CORRECTIONS NAMED HEREIN AND THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE'S custom and/or policy of violating the due process rights of those present on Riker's Island.

76.     All defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, BERNARD B. KERIK, GARY M. LANIGAN, WILLIAM J. FRASER, MARTIN F. HORN, JOHN J. ANTONELLI, DORA B. SCHRIRO, and THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE acted under pretense and color of state

law and in their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. §1983, and by the Fourth, Fifth, and Fourteenth amendments to the United States Constitution.

77.    Exposure of plaintiff to toxins and carcinogens deprive the plaintiff of his Constitutional rights to life, liberty and the pursuit of happiness and substantive and procedural due process under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

78.    At all times relevant hereto, defendant CITY OF NEW YORK caused, allowed and permitted persons legally upon said premises to be exposed to toxic, cancerous substances which are present at said premises.

79.    At all times relevant hereto, defendant CITY OF NEW YORK instituted and continues to enforce a policy, practice and custom causing, permitting, allowing and requiring plaintiff to be exposed to toxic, cancerous substances which are present at the said premises.

80.    Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Bronx.

81.     That from approximately 1990 to the present, the plaintiff, **JOHN PACCIONE,** was lawfully and properly present upon the premises mentioned herein.

82.     Commencing approximately 1990 to present, plaintiff **JOHN PACCIONE** was exposed to toxic, cancerous substances which are present at said premises.

83.     That commencing approximately 1990 to present, and prior and subsequent thereto, the **CITY OF NEW YORK,** in violation of 42 U.S.C.§1983 caused the plaintiff to be injured and damaged in causing, allowing and permitting plaintiff to be exposed to toxic, cancerous substances which are present at the premises mentioned.

84.     The CITY OF NEW YORK, its agents, servants and/or employees caused, permitted, allowed and required plaintiff to be exposed to toxic, cancerous substances which are present at Riker's Island, Bronx, NY. Upon information and belief, defendants participated in the enforcement of the policy and/or knowingly or recklessly failed to prevent enforcement of the plainly unconstitutional policy.

85.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to operate, maintain, manage, control, repair, renovate supervise and inspect the said premises herein.

86.     That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to operate, maintain, manage, control, repair,

renovate, supervise and inspect the said premises in a reasonably safe and suitable condition and repair.

87.    As a result of the aforesaid plaintiff **JOHN PACCIONE** was exposed to toxic, cancerous substances which are present at the premises mentioned and thereby deprived of his rights, liberties and freedoms under color of State Law in violation of 42 U.S.C. §1983.

88.    As a further result of the deprivation of plaintiff **JOHN PACCIONE's** right to be free from the deprivation of rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution, he was caused to suffer injury and damage both mentally and physically, severe nervous shock and emotional distress and illness.

89.    From on or about 1990 to present in violation of the rights, privileges and immunities guaranteed to him under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution and under color of State law, the defendant CITY OF NEW YORK caused, permitted, allowed and required plaintiff to be exposed to toxic cancerous substances which are present at said premises, in violation of 42 U.S.C. Section 1983.

90.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to take the necessary precautions and remedies to render the said premises habitable and safe for occupancy.

91.    That at all times mentioned herein, the defendant CITY OF NEW YORK had a duty to warn persons of the hazardous and dangerous conditions existing at said premises.

92.    That at all times mentioned herein, the defendant **CITY OF NEW YORK** had a duty to comply with the New York City Health Code and other applicable sections, regulations and statutes under New York State, local and federal law.

93.    That at all times mentioned herein, toxins and/or carcinogens were present upon said premises.

94.    That at all times mentioned herein, toxins and/or carcinogens were present upon said premises and were known or should have been known to be present upon said premises.

95.    That at all times mentioned herein, said carcinogens and/or toxins were caused, permitted and allowed to be and remain upon said premises.

96.    That at various and diverse times from on or about 1990 to the present and for a period of time prior and subsequent thereto, there existed a dangerous, defective and unsafe condition, including the presence of carcinogens and/or toxins, upon said the premises.

97.    That at various and diverse times from 1990 and for a period of time prior and subsequent thereto, the defendants maintained a dangerous, defective and unsafe condition, including the presence of carcinogens and/or toxins upon said premises.

98.    That at various and diverse times from 1990 and for a period of time prior and subsequent thereto the defendants, their agents, servants

and/or employees created a dangerous, hazardous and unsafe condition, including the presence of carcinogens and/or toxins upon said premises.

99.    At all times mentioned herein, it was the duty of the defendants to maintain the premises in a reasonably safe and proper condition and free of dangerous, hazardous, and unsafe conditions, including the presence of carcinogens and/or toxins upon said premises.

100.    At all times mentioned herein, it was the duty of the defendants to maintain the premises in a reasonably safe condition for use by members of the general public.

101.    That at all times mentioned herein, such culpable conduct was a proximate cause of the plaintiff's serious injuries.

102.    That at all times relevant hereto, it was the duty of the defendants their servants, agents, and/or employees to conduct and supervise the maintenance, renovation, inspection, and repair operations at said premises in a lawful fashion to prevent the presence of carcinogens and/or toxins at said premises.

103.    That carcinogens and/or toxins were present at said premises, from the time the plaintiff **JOHN PACCIONE** was employed there, which was approximately from 1990 to present.

104.    That at all times mentioned herein, the defendants, their agents, servants and/or employees breached their duty to operate, maintain, manage, supervise and control the aforesaid premises in a reasonable and safe condition.

105.   That at all times mentioned herein, the defendants, their agents, servants and/or employees breached their duty to take the necessary precautions and remedies to render the said premises habitable and safe for occupancy.

106.   That at all times mentioned herein, the defendants, their agents, servants and/or employees failed to warn persons of the hazardous and dangerous conditions existing at said premises.

107.   That at all times mentioned herein, the defendants, their agents, servants and/or employees breached their duty to comply with the New York City Health Code and other applicable sections, regulations and statutes under New York State, local and federal law.

108.   That at all times mentioned herein, the defendants, their agents, servants and/or employees breached their duty to conduct and supervise the maintenance, renovation, inspection and repair operations at said premises in a lawful fashion to prevent the presence of carcinogens and/or toxins at said premises.

109.   Although defendants knew or should have known of the fact that toxic cancerous substances were present at the said premises, the defendants have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby.

110.   The unlawful and illegal conduct of the defendants, their agents, servants and/or employees to cause, allow and permit the exposure of plaintiff to toxins and carcinogens deprived the plaintiff of his Constitutional

21

Case 1:11-cv-01300-LAP   Document 22-1   Filed 08/09/11   Page 23 of 27


rights to life, liberty and the pursuit of happiness and substantive and procedural due process under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

111.   That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiffs will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiffs incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiffs have suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiffs will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiffs' great damage.

112.   That commencing on or about 1990 to present, in violation of the rights, privileges and immunities guaranteed to him under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the color of State law, the defendants acted individually and in concert causing the plaintiff to have been injured and damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

113.   That the negligence of the defendants their agents, servants and/or employees consisted of the following:  in the negligent, careless and reckless ownership, operation, management, maintenance and control of the aforesaid premises in that they knowingly, and for a long and unreasonable length of time, caused and allowed the aforesaid premises to be maintained in unsafe, improper and unsuitable condition so as to cause carcinogens and/or toxins and harmful substances to be, become and remain at said premises; in failing to provide  plaintiff herein with a safe area in which to work; in failing to give warning to the plaintiff of the unlawful, dangerous, hazardous, unsafe and poisonous condition thereat; in hiring inept, incompetent, inadequate, unskilled and insufficient contractors; in permitting, causing and/or allowing a dangerous and hazardous condition to be, remain and exist upon the premises; in  causing, allowing and permitting the premises to be, become and remain uninhabitable and unsafe; in causing, allowing and permitting said carcinogens and/or toxins to be and remain upon said premises when it was known or should have been known that they could cause harm to those persons on said premises; in failing to inspect, timely inspect and/or properly inspect the aforesaid premises; in failing to repair, timely repair and/or properly repair and maintain the aforesaid premises although the defendants had notice or should have had notice of the unsafe conditions complained of herein; in negligently and carelessly repairing and maintaining the premises in such a manner and under such control so as to cause the occurrence complained of herein; in violating statutory obligations;

23

in violating the Health Code and other applicable sections, regulations and statutes under New York State, local and federal law; in providing improper, incompetent and insufficient supervision; in knowingly permitting said carcinogens and/or toxins to remain for an unreasonable period of time; in failing to take the proper and necessary steps to prevent the happening of the occurrences as herein set forth; and in otherwise being negligent an careless in the premises; in depriving plaintiff **JOHN PACCIONE** of rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

114.    That as a result of the foregoing, the plaintiff **JOHN PACCIONE** was caused to sustain severe and permanent personal injuries to become sick, sore, lame and disabled, sustained injuries to various portions of his body and mind, and to suffer great pain and anguish in his body and mind.

115.    That this action falls within one or more of the exceptions set forth in CPLR Article 16.

116.    That by reason of the foregoing, plaintiff **JOHN PACCIONE**, has sustained damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

117.    Plaintiff, **MADELINE PACCIONE** repeats and realleges each and every allegation contained herein, as though the same were set forth at length.

118.    That at all times herein mentioned, plaintiff, MADELINE PACCIONE, was and still is the wife of the plaintiff, JOHN PACCIONE, and as such is entitled to the services, society, consortium and companionship of her spouse.

55.    That as a result of the foregoing on the part of the defendant, and the resulting injuries to the plaintiff, JOHN PACCIONE, this plaintiff has been required to expend various sums of money for the medical care, consultation, advice, and treatment of the plaintiff, and has suffered other indemnifiable economic losses and has been deprived of the services, society, consortium and companionship of the plaintiff.

119.    That by reason of the foregoing, plaintiff, MADELINE PACCIONE, has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein.

WHEREFORE, plaintiffs demand judgment against the defendants in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with interest and the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: New York, New York
      February 18, 2011

                    Yours, etc.
                    **BURNS & HARRIS, ESQS.**
                    **Attorneys for Plaintiff**

BY:_____
    CHRISTOPHER J. DONADIO
    233 Broadway, Suite 900
    New York, NY  10279
    212 393-1000